IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| RONALD SATISH EMRIT | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-2548 |
| MARYLAND STATE BAR ASSOCIATION, UNITED STATES DEPT OF EDUCATION, AMERICAN BAR ASSOCIATION, and NATIONAL CONFERENCE OF BAR EXAMINERS | * * * | |
| Defendants | * | |

\*\*\*

## MEMORANDUM

The above-captioned case was filed on August 28, 2015, together with a motion to proceed *in forma pauperis*, which shall be granted. For the reasons stated below, the complaint must be dismissed.

Plaintiff, a resident of Las Vegas, Nevada, invokes this court's diversity jurisdiction for a claim for breach of contract against the named defendants. He also claims violations of due process, equal protection, and the privileges and immunities clause. He states that he is African-American and claims that the Maryland Bar Examination, which he took in 2004 and failed, is culturally biased against "discrete and insular minorities which have experienced 'invidious discrimination' within the context of American jurisprudence." ECF 1 at p. 6. He also asserts a claim under the Americans with Disabilities Act ("ADA") under this court's federal question jurisdiction and states he suffers bipolar disorder. *Id*. at p. 4. Plaintiff claims that as a result of his inability to pass the bar exam he has been unable to obtain employment as an attorney and earn the salary of an attorney. He states this has resulted in his inability to pay his student loans. He seeks damages in the amount of $750,000 and an order requiring his admission to the bar in

Maryland, Arizona, and Florida. *Id*. at p. 10.

Assuming without deciding that a breach of contract action could be asserted on the facts alleged, the instant claim is time-barred. The statute of limitations for a cause of action based on breach of contract is three years. Md. Code Ann., Cts. & Jud. Proc. § 5-101. The date a cause of action for breach of contract accrues is the date of the alleged breach. *See Boyd v. Bowen*, 806 A.2d 314, 145 Md. App. 635 (Md. Ct. Spec. App. 2002). Plaintiff took the Maryland bar exam in 2004, eleven years ago. His assertion that the statute of limitation should be waived because he continues to suffer financial hardship due to his failure to pass the bar exam is without merit. "Statutes of limitations . . . are intended simultaneously to 'provide adequate time for diligent plaintiffs to file suit,' to 'grant repose to defendants when plaintiffs have tarried for an unreasonable period of time,' and to 'serve societal purposes,' including judicial economy." *Doe v. Maskell*, 342 Md. 684, 689, 679 A.2d 1087, 1089 (1996) (quoting *Pennwalt Corp. v. Nasios*, 314 Md. 433, 437, 550 A.2d 1155, 1158 (1988)).

Title II of the ADA does not contain a statute of limitations. Although "Congress enacted a catchall 4–year statute of limitations for actions arising under federal statutes enacted after December 1, 1990," *Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369, 371 (2004) (citing 28 U.S.C. § 1658), the ADA was enacted on July 26, 1990, *see* 104 Stat. 327, 327. "We therefore borrow the state statute of limitations that applies to the most analogous state-law claim." *A Soc'y Without A Name v. Virginia*, 655 F.3d 342, 347 (4th Cir. 2011) (citing 42 U.S.C. § 1988; *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985)). In Maryland, the statute of limitations for civil actions is three years from the date it accrues. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101. Notwithstanding the untimeliness of the claim, plaintiff also fails to assert that he requested an

accommodation when taking the Maryland Bar Exam and exhausted administrative procedures to pursue his request for same. *See* Md. R. Law Exam Bd., Rule 3.

Emrit's constitutional claims, which the Court assumes have been brought pursuant to 42 U.S.C. § 1983, are equally time-barred. The analogous state statute of limitations applies to § 1983 claims. *Wilson v. Garcia*, 471 U.S. 261, 280 (U.S. 1985). In Maryland, the analogous statute is the three-year general statute of limitations.

The complaint fails to state a claim upon which relief may be granted as the claims are time-barred. This court is authorized to sua sponte dismiss complaints that fail to state a claim under 28 U.S.C. § 1915(e)(2). By separate Order, the complaint shall be dismissed.


September 10, 2015             _____/s/_____
Date                                        James K. Bredar
                                                    United States District Judge